**Marshall Meyers (020584)**
**WEISBERG & MEYERS, LLC**
**5025 North Central Ave., #602**
**Phoenix, AZ 85012**
**602 445 9819**
**866 565 1327 facsimile**
**mmeyers@AttorneysForConsumers.com**
**Attorney for Plaintiff**

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Marilyn Mausser, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | **COMPLAINT AND TRIAL BY JURY** |
| | ) | **DEMAND** |
| vs. | ) | |
| | ) | |
| AllianceOne Receivables Management, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

### NATURE OF ACTION

1.      This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

### JURISDICTION AND VENUE

2.      This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

**PARTIES**

4.      Plaintiff, Marilyn Mausser ("Plaintiff"), is a natural person who at all relevant times resided in the State of Arizona, County of Pinal, and City of Maricopa.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.      Defendant, AllianceOne Receivables Management, Inc. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

8.      Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9.      Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.  Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10.      Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11.    Defendant caused Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff, including Defendants collectors calling Plaintiff at work at least seven (7) times in a thirty (30) minute period (§ 1692d(5)).

12.    Defendant repeatedly contacted Plaintiff at her place of employment after being informed that such calls are inconvenient to Plaintiff and violate the policy of Plaintiffs employer, including Defendant repeatedly and continually contacting Plaintiff at work after she advised Defendants collector, Barbara Combs, on March 22, 2010, that she almost lost her job from the Defendants continuous phone calls (§ 1692c(a)(1)(3)).

13.    Defendant disclosed to a third party the existence of the debt allegedly owed by Plaintiff, including Defendants collector, Barbara Combs, calling several of Plaintiffs co-workers, including Plaintiffs supervisor, at work and leaving detailed messages regarding the matter on their voicemail (§ 1692b(2) & § 1692c(b)).

14.    Defendant failed to notify Plaintiff during each collection contact that the communication was from a debt collector, including Defendants collection agent, Michael Raymond, contacting Plaintiff numerous times throughout March and April 2010 via email that did not contain the legally required disclosures that said communication was from a debt collector and that any information obtained would be used for that purpose (§ 1692e(11)).

15.    Defendant used unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt, including Defendants unauthorized withdrawal of $200.00 from Plaintiffs bank account and failing to return it despite repeated assurances to the contrary (§ 1692f).

16.    Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

17.    Plaintiff repeats and re-alleges each and every allegation contained above.

18.    Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a)  Adjudging that Defendant violated the FDCPA;

    b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d)  Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

    e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f)  Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 28th day of June, 2010

By: s/ Marshall Meyers
Marshall Meyers (020584)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
mmeyers@AttorneysForConsumers.com
Attorney for Plaintiff